CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 1 0 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

EARL MILLS, )  Civil Action No. 7:05cv00525
    Petitioner, )
  )
v. )  **MEMORANDUM OPINION**
  )
UNITED STATES OF AMERICA, )  By: Samuel G. Wilson
    Respondent. )  United States District Judge
  )

Petitioner Earl Mills has filed this 28 U.S.C. § 2255 motion, challenging his 100-month sentence for conspiracy to distribute fifty grams or more of cocaine base. Mills claims that his counsel was ineffective because she failed to preserve Mills' potential Blakely /Booker[1] claims, because she failed to advise the court that Mills had provided "substantial assistance," and because she failed to move the court to apply the safety valve provision. This matter is before the court on respondent's motion to dismiss. The court finds that Mills waived his ineffective assistance claim regarding counsel's alleged failures to preserve Blakely /Booker claims, and the court finds meritless Mills' claims that counsel failed to advise the court of his alleged substantial assistance and failed to move for application of the safety valve provision.

## I.

Mills pled guilty to one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base. The court conducted a thorough Rule 11 colloquy, during which Mills affirmed under oath that he had discussed the charge with his attorney, that he was satisfied with his attorney's representation and advice, that no one had made

---

[1] Blakely v. Washington, 542 U.S. 296 (2004) (forbidding the enhancement of a sentence beyond the statutory maximum based on facts neither admitted by the defendant nor found by a jury); United States v. Booker, 543 U.S. 220 (2005) (applying the Blakely holding to the Federal Sentencing Guidelines).

any promise or assurance to him of any kind in an effort to induce him to plead guilty, that no one had attempted to force him to plead guilty, that he understood the charges against him, that his counsel had explained the elements of the offense to which he was pleading guilty, that he understood the offense carried a possible sentence of life in prison and a mandatory minimum sentence of ten years, that he had spoken with his attorney about how the Sentencing Guidelines might apply in his case, that he understood he had the right to plead not guilty, that he was giving up his right to a trial and all rights associated with a trial, that he was waiving his right to appeal and collaterally attack his conviction and sentence, and that he was pleading guilty because he, in fact, was guilty. Finding that Mills was fully competent and capable of entering an informed plea and that his plea was knowing and voluntary, the court accepted his plea. At sentencing, the government did not make a substantial assistance motion. The court applied the safety valve provision, which allows the court to disregard mandatory minimum sentences if certain criteria are met, see U.S.S.G. § 5C1.2, and sentenced Mills to 100 months. Mills did not appeal.

In his § 2255 petition, Mills claims that counsel provided ineffective assistance by failing to preserve Mills' potential claims under Blakely and Booker, by failing to advise the court during sentencing that petitioner had provided the government with substantial assistance, and by failing to move the court to apply the safety valve provision.

## II.

A waiver of the right to appeal and collaterally attack a conviction or sentence is valid so long as it is voluntarily and knowingly made. U.S. v. Lemaster, 403 F.3d 216, 220-223 (4th Cir. 2005). Mills executed such a waiver and, in doing so, waived his ineffective assistance claims related to counsel's alleged failure to preserve a Blakely/Booker challenge. Accordingly, the

-2-

court dismisses that claim.[2]

## III.

Mills executed a valid waiver of his right to collaterally attack; however, because his ineffective assistance claims regarding counsel's alleged failure to advise the court of his "substantial assistance" and to move for application of the safety valve provision pertain to phases post-dating execution of his waiver, they fall outside its scope, requiring review on the merits. See United States v. Attar, 38 F.3d 727 (4th Cir. 1994) (allowing petitioner to raise claim that he was denied assistance of counsel at sentencing despite execution of a waiver of the right to directly appeal); United States v. Baker, 109 Fed.Appx. 535 (4th Cir. 2004) (per curiam) (unpublished) (characterizing Attar as standing for the proposition that a waiver of appellate rights does not apply when petitioner "asserts a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea.").[3]

---

[2]    Moreover, the court did not make Blakely and Booker retroactively applicable to cases on collateral review. See, e.g., U.S. v. Johnson, 146 Fed.Appx. 656 (4th Cir. 2005) (one of a series of recent unpublished Fourth Circuit opinions in which the court has explicitly held that the Supreme Court did not make Blakely and Booker retroactive to cases on collateral review).

[3]    At issue in Attar was a waiver of the right to directly appeal. The Fourth Circuit has yet to directly address the issue of whether Attar principles apply to waivers of the right to collaterally attack, and district courts addressing the issue have arrived at conflicting conclusions. Compare Braxton v. United States, 358 F.Supp. 2d 497, 502-03 (distinguishing waivers of the right to directly appeal from waivers of the right to collaterally attack and concluding that Attar principles are inapplicable to the latter), to Crawford v. United States, 2005 WL 1330519 (N.D. W.Va. 2005) (rejecting Braxton and allowing petitioner to raise claim of ineffective assistance at sentencing despite execution of a waiver of the right to collaterally attack) and Moon v. United States, 181 F.Supp.2d 596, 598-99 (E.D.Va. 2002) (finding Attar principles applicable to waivers of the right to collaterally attack). However, in the 2005 case of United States v. Lemaster, 403 F.3d 216, 220 n2 (2005), which post-dates two of the conflicting precedents, the Fourth Circuit acknowledged that the applicability of Attar to collateral attack waivers was not squarely before the court but, nevertheless, noted, "[W]e have no occasion to consider whether a district court should address similar claims in a § 2255 motion despite a general waiver of collateral attack rights. As we noted

-3-

In order to establish ineffective assistance, Mills must show both that counsel's performance fell below an objective standard of reasonableness and that counsel's errors prejudiced him to the extent that, but for the errors, the outcome of his hearing or case would have been different. See Strickland v. Washington, 466 U.S. 668, 669 (1984). Mills claims that counsel provided ineffective assistance when she failed to advise the court that Mills had provided substantial assistance. The decision of whether to file a substantial assistance motion pursuant to U.S.S.G. §5K1.1 rests solely within the discretion of the government. See United States v. Dixon, 998 F.2d 228, 230 (4 th Cir. 1993). "[N]o amount of 'substantial assistance,' standing alone, obligates the government to make the motion"; though, the court "may review the decision not to make the motion to assure that the government's motive comports with the Constitution." Id. Here, the government exercised its discretion by electing not to file a substantial assistance motion, purportedly because Mills was reluctant to talk to the government and because the information he did provide did not lead to any convictions. Absent a claim that the government's motives were constitutionally questionable, any objection raised by Mills' counsel would have been to no avail. Accordingly, the court finds no prejudice. As for Mills' claim regarding the safety valve provision, it is factually meritless because the court did apply the safety valve provision at sentencing.

**IV.**

For the reason stated herein, the court hereby grants the respondent's motion to dismiss.

-------------------

above, however, we see no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights."

**ENTER**: This _9th_ day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE

-5-